IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHEN LOPORCHIO, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-22-334-JFH-GLJ |
| ) | |
| STATE FARM MUTUAL ) | |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The Plaintiff filed this action on November 1, 2022, in Pontotoc County District Court of Oklahoma, alleging that Defendant State Farm Mutual Automobile Insurance Company breached Plaintiff's insurance contract and breached its duty of good faith and fair dealing in the handling of Plaintiff's claims [Dkt. 2-2]. On November 23, 2022, Defendant removed the action to this Court [Dkt. 2]. On November 30, 2022, Defendant filed its Motion to Dismiss Plaintiff's Petition and Brief in Support [Dkt. 10] pursuant to Fed. R. Civ. P. 12(b)(6). On February 13, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Dkt. 16]. Defendant seeks the dismissal of all of Plaintiff's claims. For the reasons set forth below, the undersigned Magistrate Judge finds that Defendant's Motion to Dismiss Plaintiff's Petition and Brief in Support ("Motion") [Dkt. 10] should be DENIED.

I.  BACKGROUND

Plaintiff alleges that for many years he had an insurance policy issued by Defendant on his 2006 Ford F550 ("Truck"), policy number 443440736 ("Policy"). *See* Docket No. 2-2 at ¶ 5. On August 1, 2022, at 2:14 p.m., Plaintiff received a text message from Defendant stating that his "2006 Ford Auto Policy is set to cancel 08/09/22." *Id*. at ¶ 6. Afterwards, Plaintiff drove his Truck to California to attend his daughter's memorial service and to retrieve her belongings. *Id*. at ¶ 7. Plaintiff parked his Truck and a trailer at a friend's office in Santa Ana, California. *Id*. In the early morning hours of August 10, 2022, Plaintiff used the internet at a coffee shop to make the Policy premium payment. *Id*. at ¶ 8. Sometime thereafter that morning, upon returning to his friend's office, Plaintiff discovered his Truck and tailer were missing. *Id*. at ¶ 9. Plaintiff notified the local police of the theft at around 6:30 a.m. on August 10, 2022, and then notified Defendant of the loss later that morning. *Id*. at ¶¶ 9 & 11. The Truck and trailer were stolen sometime late on August 9 or in the early morning hours of August 10, 2022. *Id*. at ¶ 10.

Plaintiff alleges that the Policy provides that it may be canceled by Defendant "mailing or delivering a written notice to the most re-cent [sic] address provided to **us** by **you** as the policy address." *Id*. at ¶ 14 (emphasis original). Moreover, the Policy provides that "[t]he date cancellation is effective will be at least 10 days after the date **we** mail or deliver the cancellation notice." *Id*. (emphasis original). Plaintiff alleges that the only cancellation notice he received from Defendant was the August 1, 2022 text message, and, therefore, the Policy was not eligible for cancellation until August 11, 2022. *Id*. at ¶ 16.

Plaintiff also alleges that the Truck was recovered on August 21, 2022, when it was involved in a collision and suffered damage. *Id*. at ¶¶ 19-20. Plaintiff notified Defendant of the damage claim, but it was also denied by Defendant. *Id*. at ¶¶ 21-22.

Defendant argues that the Policy was cancelled effective August 9, 2022 at 2:01 a.m. and therefore was not in effect at the time the Truck was stolen late on August 9 or early on August 10, 2022. Defendant relies on a policy cancellation notice dated July 25, 2022 ("July 25 Notice"), it alleges was mailed to Plaintiff. *See* Docket Nos. 10 at p. 2. The July 25 Notice, which Defendant attaches to its Motion, states that "[w]e have not received the payments required to keep this policy in force. In accordance with the cancellation provisions, your policy identified in this notice is hereby canceled effective 12:01 A.M. standard time on the cancellation date specified due to non-payment of the premium." *Id* at No. 10-1. The July 25 Notice provides the cancelation date of August 9, 2022. *Id*. Defendant alleges the July 25 Notice was mailed to Plaintiff more than 10 days before the Policy terminated. *Id*. at No. 10, p. 3. Defendant alleges that because Plaintiff did not make the premium payment before August 9, 2022, the Policy terminated on August 9, 2022 at 12:01 a.m. standard time in accordance with the July 25 Notice or 2:01 a.m. Pacific standard time. *Id*. at p. 2. Defendants further allege that, based on Plaintiff's August 10, 2022 premium payment, the Policy was reinstated effective 12:01 a.m. on August 11, 2022. *Id*. at No. 10-2. Defendant argues that because the Policy was not in effect at the time the Truck was stolen and the damage occurred as a result of it being stolen, there is no coverage for the loss and Plaintiff's claims should be dismissed.

3

## II.   MOTION TO DISMISS STANDARD

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, the appropriate inquiry is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (*quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). For the purpose of making the dismissal determination, a court must accept all the well-pled allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1231 (10th Cir. 2002). However, the court need not accept as true those allegations that are conclusory in

nature. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1006, 1109-10 (10th Cir. 1991).

### III. ANALYSIS

**A. Consideration of Extrinsic Matters Outside the Pleadings.**

Defendant attaches to its Motion and relies heavily on the July 25 Notice. In evaluating a Rule 12(b)(6) motion to dismiss, the court typically may not look beyond the pleadings. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010); *see also Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F.Supp.2d 1092, 1097 n.3 (D. Kan. 2007) ( the court generally may not look beyond "the four corners of the complaint when deciding a Rule 12(b)(6) motion to dismiss")). "If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (quoting Fed. R. Civ. P. 12(d)) (alterations omitted). The failure to convert a Rule 12(b)(6) motion to one for summary judgment where a court does not exclude outside materials is reversible error unless the dismissal can be justified without considering the outside materials. *See Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir.1995). While "pleadings" generally refer only to the complaint and any attachments thereto, the Tenth Circuit recognizes that there are three exceptions to this restriction on what the court can consider, "but they are quite limited: (1) documents that the complaint incorporates by reference; (2) documents referred to in the complaint if the documents are

5

central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (3) matters of which a court may take judicial notice." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotations and citations omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

None of the three exceptions apply in this case. While the Policy itself is clearly referenced in the Complaint and is central to Plaintiff's claims, although neither party attaches it to any pleading, the same cannot be said of the July 25 Notice. Plaintiff's Complaint does not reference to or incorporate the July 25 Notice or reference it in any way. To the contrary, the Complaint specifically alleges that the only cancellation notice Plaintiff received was the August 1, 2022 text message. Plaintiff also appears to, at least by inference, challenge either the authenticity of the July 25 Notice or whether it was mailed to him.[1] While Defendant argues Plaintiff is "omitting and blatantly ignoring" the July 25 Notice, such an accusation is simply an argument regarding the underlying facts and does not make the July 25 Notice central to Plaintiff's claim, as opposed to Defendant's defense. It is Plaintiff's claims and not Defendant's theories of defense to which the outside matter must be central to be considered an exception to the general rule. *See e.g.*, *Capital Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc.*, 2008 WL 3538968, *3 (D. Kan. Aug. 11, 2008). Moreover, the cases cited by Defendant in support of considering the July 25

---

[1] Although Defendant argues it is not required to provide proof of mailing by affidavit, it concedes that some form of proof must be provided, such as a sworn statement, deposition testimony or verified interrogatory answer. *See* Docket No. 15 at pp. 3-4. The Defendant, however, provided no such proof that the July 25 Notice was mailed to Plaintiff.

6

Notice involved documents or insurance policies central to the plaintiff's claims, not a cancellation notice the plaintiff never referenced in the complaint. As such, the undersigned Magistrate Judge concludes that the July 25 Notice does not fall within one of the limited exceptions for consideration of extrinsic matters outside the pleadings and, therefore, declines to convert the Motion to one for summary judgement under Rule 56 or consider such extrinsic evidence as part of Defendant's Rule 12(b)(6) Motion.

### B. Breach of Contract Claim.

Plaintiff alleges that Defendant breached the Policy by improperly cancelling the Policy and denying his claim for his stolen Truck and the subsequent damage to his Truck. Defendant correctly notes that the Policy is a contract, *Silver v. Slusher*, 770 P.2d 878 883 (Okla. 1988), and that the elements for breach of an insurance contract are: (1) the existence of a contract; (2) breach of the contract; and (3) actual damages suffered as a result of that breach. *Vickers v. Progressive Northern Ins. Co.*, 353 F.Supp.3d 1153, 1166 (N.D. Okla. 2018) (citing Oklahoma Uniform Jury Instructions – Civil No. 23.1). Defendant argues that Plaintiff's breach of contract claim must fail because he cannot prove the existence of the contract because the Policy was cancelled on August 9, 2022 at 12:01 a.m., before Plaintiff alleges his Truck was stolen.

As noted above, however, Plaintiff's Complaint alleges that the only cancellation notice he received was by text message on August 1, 2022 and that, as a result, the Policy could not be canceled until 10 days after such notice, or August 11, 2022. Plaintiff further alleges that his Truck was stolen late on August 9 or early on August 10, 2022, or within the time-period in which his Policy should have been in effect, and he suffered damages as

a result of Defendant's denial. Accepting these well-pled allegations and construing them in the light most favorable to Plaintiff, the undersigned Magistrate Judge concludes that Plaintiff's Complaint alleges sufficient facts to raise a right to relief above the speculative level. While Defendant seeks to challenge the Plaintiff's allegations regarding the notice he received, such a challenge to factual allegations at the motion to dismiss stage is not appropriate. Moreover, although Defendant appears to quote extensively from the Policy in its Reply, arguing that any damage because of the Truck's theft is not a covered loss, Defendant did not attach a copy of the Policy to its Motion. Therefore, the undersigned Magistrate Judge declines to consider such Policy language's application at the Rule 12(b)(6) motion to dismiss stage.

### C. Breach of Duty of Good Faith and Fair Dealing.

Plaintiff alleges that Defendant breached its duty of good faith and fair dealing by failing to promptly and appropriately investigate his claim and unreasonably and unjustly delaying and denying coverage for his loss. Defendant again correctly notes that a bad faith claim is "premised on the existence of a contract," *Milroy v. Allstate Ins. Co.*, 151 P.3d 922, 927 (Okla. Civ. App. 2006), and that the elements are: (1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. *Caughron v. Liberty Mut. Fire Ins. Co.*, 2014 WL 11531560, *11 (N.D. Okla. March 6, 2015); *Beers. v. Hillary*, 241 P.3d 285, 292 (Okla. Civ. App. 2010). Defendant argues only that Plaintiff does not state a bad faith claim because he cannot

show that he had a valid claim because the Policy had lapsed at the time of the loss due to the failure to timely pay the premium. Such an argument, however, relies on the July 25 Notice, which as previously noted is not being considered because it is an extrinsic matter outside the pleadings and is improper for consideration on a Rule 12(b)(6) motion. Therefore, the undersigned Magistrate Judge concludes that the Complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under Plaintiff's bad faith claim.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendant's Motion to Dismiss Plaintiff's Petition and Brief in Support [Docket No. 10] be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 23rd day of March, 2023.

*[signature]*

**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**