IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STEPHEN LOPORCHIO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-22-334-JFH-GLJ |
| | ) |
| **STATE FARM MUTUAL** | ) |
| **AUTOMOBILE INSURANCE** | ) |
| **COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff Stephen Loporchio brings this diversity action for breach of insurance contract and bad faith under Oklahoma law against Defendant State Farm Mutual Automobile Insurance Company. This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment [Docket No. 43] and Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment on Plaintiff's Claims and Brief in Support [Docket No. 45]. Genuine issues of material fact exist and preclude the entry of summary judgment for either party. The undersigned Magistrate Judge therefore finds that both motions should be denied.

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show

the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970).  However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]"  Fed. R. Civ. P. 56(c).

The undersigned Magistrate Judge has carefully reviewed the briefs in support of and in opposition to the potentially dispositive motions, as well as the exhibits submitted by the parties.  Based on this review and mindful of the standard of evaluating the evidence at the summary judgment stage, it appears that genuine issues of material fact are in dispute with respect to whether Defendant's policy was subject to cancellation for nonpayment at the time a notice of cancellation was issued.  Defendant provided a chart of payments and dates those payments applied, asserting Plaintiff was one month behind in his premium payments.  However, the exhibits, including excerpts from Defendant's testimony, do not support the assertions that certain payments applied to specific billing cycles, and Plaintiff disputes the chart.  *See* Docket Nos. 44, pp. 8-9, ¶ 12; 45, p. 9, ¶ 5 & Ex. 6[1]; 50, p. 7, ¶ 5; 52, p. 3, n. 2 & Ex. 1.  Nor is there evidence of any notice(s) of nonpayment prior to the issuance of the cancellation notice, including a lack of monthly billing statements or any

---

[1] The payment schedule in Exhibit 6 specifically does not indicate how any payment is applied to any specific billing cycle by date.  It reflects seven payments from February 1, 2022, through August 11, 2022.  Docket No. 45, Ex. 6, p. 1.  The deposition testimony cited by Defendant likewise is insufficient to support Defendant's position, as it appears to be excerpts based on exhibits not properly referenced or submitted to the Court.  *See, e.g.*, Deposition of Stephen Loporchio, pp. 70-72, 80-85. (These deposition excerpts were submitted piecemeal at Docket Nos. 45, Ex. 7 & 52, Ex. 1 based on "inadvertent omissions" by Defendant, Docket No. 52, p. 3, n.1).

other documentation to support State Farm's assertion. As the cancellation of Plaintiff's policy is based on an alleged failure to pay the premium when due, *see* Docket No. 44, Ex. 10, p. 48, ¶ 8(b)(2), summary judgment is therefore inappropriate. *See* Fed. R. Civ. P. 56(c).

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiff's Motion for Partial Summary Judgment [Docket No. 43] and Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment on Plaintiff's Claims and Brief in Support [Docket No. 45] be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 20th day of August, 2024.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**