IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

**STEPHEN LOPORCHIO,**

      **Plaintiff,**

v.            Case No. 22-CV-334-JFH

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,**

      **Defendant.**

## OPINION AND ORDER

Before the Court is the Report and Recommendation of Magistrate Judge Gerald L. Jackson [Dkt. No. 87] as to Defendant State Farm Mutual Automobile Insurance Company's ("Defendant" or "State Farm") Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [Dkt. No. 70] ("Motion to Alter"). Defendant also filed an Objection to the Report and Recommendation. Dkt. No. 91. When a party objects to a Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). On de novo review, the Court "may accept, reject, or modify" the recommendations of the Magistrate Judge, and may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id*.

The Court notes that the underlying Motion to Alter is brought under Federal Rule of Civil Procedure Rule 59(e). Rule 59(e) states that "[a] motion to alter or amend a ***judgment*** must be filed no later than 28 days after the entry of the ***judgment***." Fed. R. Civ. P. 59(e) (emphasis added). A "judgment" is "[t]he official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination." *Waetzig v. Halliburton Energy Servs., Inc*., 82 F.4th 918, 923 (10th Cir. 2023), *cert. granted*, 145 S. Ct. 118 (2024), *and rev'd and remanded on other grounds*, No. 23-971, 2025

WL 608110 (U.S. Feb. 26, 2025) (citing Black's Law Dictionary (3d ed.)); *see also* Black's Law Dictionary (10th ed.) (defining judgment as a court's "final determination of the rights and obligations of the parties in a case."). A court must deny a motion for summary judgment where there appear to be genuine issues as to material fact which ***preclude judgment*** as a matter of law. *See Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1291 (10th Cir. 1999); Fed. R. Civ. P. 56(a). An order denying a motion for summary judgment is not a final judgment. *See Ortiz v. Jordan*, 562 U.S. 180, 188, 131 S. Ct. 884, 891, 178 L. Ed. 2d 703 (2011) (holding that an order denying summary judgment does not qualify as a "final decision" subject to appeal). Accordingly, Defendant's motion in reliance on Rule 59 is misplaced.

The Court notes that the Federal Rules do not specifically mention motions to reconsider outside the context of judgments or final orders. Rule 54(b), however, generally provides that a district court can reconsider a prior interlocutory ruling but puts no limit or governing standard on the district court's ability to do so. Fed. R. Civ. P. 54(b). The Tenth Circuit has also not confined district courts' discretion beyond what Rule 54(b) provides. *See e.g., Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1252 (10th Cir.2011); *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007). Without such a limit or governing standard, the Court can, if it sees fit, refuse to entertain motions to reconsider altogether. *See United States v. Loera*, 182 F.Supp.33d 1173, 1206 (D.N.M. 2016). Here, the Court, in its discretion, declines to construe and consider the Motion to Amend as a motion to reconsider. The Court has previously outlined issues of fact in dispute in this matter. Despite Defendant's substantial additional briefing, those issues of fact remain.

Additionally, the Court notes that much ado has been made of the punitive damage's issues in this case. Although summary judgment was not granted at this juncture, certain issues—such as punitive damages, for example—may or may not ultimately be submitted to the jury following

the close of evidence. That will depend on the evidence at trial. The Court will exercise its gatekeeping function under Fed. R. Civ. P. 50 at the appropriate time on this issue, as well as others, in the case. The Court simply finds that, at this moment, there are genuine issues of material fact which must be first resolved at trial.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation [Dkt. No. 87] is REJECTED IN PART AND ACCEPTED IN PART and Defendant State Farm Mutual Automobile Insurance Company's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) [Dkt. No. 70] is hereby DENIED, as it is not properly made under Fed. R. Civ. P. 59(e).

IT IS SO ORDERED this 14th day of March 2025.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE